IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GLORIA RIOS PEREZ,

    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 10-1568 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

    Plaintiff Gloria Ríos Pérez, (hereafter plaintiff "Ríos") filed this action seeking judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying the application for entitlement of a period of disability and ensuing benefits. (Complaint, Docket No. 1). Plaintiff Ríos requests this court to reverse for lack of substantial evidence the determination and findings of the Commissioner or in the alternative that the case be remanded for further proceedings. The decision to deny disability and benefits was based, regardless of the major depression and chronic low back pain, in that plaintiff Ríos could engage in the performance of the full range of sedentary type of work. The vocational expert's testimony obtained at the administrative hearing as to available work in the national economy, however, referred to, without addressing any hypothetical question as to mental limitation, to jobs that exceeded plaintiff's exertional capacity. Defendant acknowledged such mistake but considers it to be harmless.

    The Commissioner answered the Complaint and filed copy of the administrative record. (Docket Nos. 10 and 11). Plaintiff then filed the memorandum of law. (Docket No.

14). The Commissioner filed the corresponding memorandum in support of its administrative decision denying plaintiff Ríos application. (Docket Nos. 14 and 17).

After an examination of the administrative record, defendant's brief, counsel for plaintiff's memorandum of law, as well as the administrative record containing the medical evidence on file, with the copy of the administrative hearing transcript filed thereafter, this United States Magistrate Judge finds the Commissioner's decision is not supported by substantial evidence and should be remanded for further consideration as discussed below.

## GENERAL BACKGROUND

At the time of alleged disability plaintiff Ríos was a forty-six year old female, with high school and two-year of college education, and previous work as secretary, cashier/salesperson and cook. Plaintiff Ríos began to receive psychiatric treatment in 2004 and was found by her treating psychiatrist, Dr. Japhet Gaztambide, as extremely limited in areas of understanding and memory. The patient was expected to miss more than four days of work per month because of her condition. She was treated through the years 2006 and 2007 and diagnosed with major depression and found unable to handle her funds. Plaintiff also received treatment at ASSMCA from 2008 through 2009 and was found oriented and coherent. She had been diagnosed with severe depression and generalized anxiety disorder by Dr. Antonio Noriega, also experiencing headaches and mild to moderate pain, malaise and weakness. Dr. Noriega considered plaintiff Ríos was unable to work with other people because of psychotic episodes which were exacerbated by her depression. Plaintiff Ríos received monthly treatment visits from August 2004 through May 2009.

A consultative evaluation dated 2005 by Dr. Alberto Rodríguez Robles and the psychiatric assessment found plaintiff's prognosis poor, with restrictive affect, oriented, but slow, with diminished attention and concentration. Another consultative evaluation by Dr. Armando Caro, a psychiatrist, in 2007 described plaintiff's mental status as having short attention span, impaired concentration, impaired immediate, recent and short term memory. She was not oriented in time and partially oriented in place. The Global Assessment Functioning Score that evaluates an individual's psychological, social and occupational functioning scored 60.[1]

State agency medical consultants found plaintiff Ríos in 2007 to suffer from moderate depressive condition, moderate limitations in activities of daily living and social functioning, as well as in concentration, persistence and pace. Plaintiff Ríos was considered to sustain concentration for at least two hours and in activities that were not complex or detail, and routine. These findings by Dr. Umpierre were also affirmed by another consultant, Román Rivera, in 2008.

**PROCEDURAL HISTORY AND THE ADMINISTRATIVE HEARING**

After plaintiff's initial application for social security disability benefits was denied, the requested administrative hearing was held on September 24, 2009, and plaintiff Ríos declined to be present. The presiding ALJ Honorable Glenn G. Meyers issued an opinion on October 14, 2009, finding plaintiff not under disability. The Appeals Council reviewed the decision and affirmed same.

---

[1] A score of 51-60 indicates moderate symptoms or moderate difficulty in social, occupational or school functioning.

The ALJ's administrative decision determined the evidence in the record supported the existence of severe impairments regarding her neck, back, shoulders, right knee, right elbow and a mental condition, which did not meet the requirements for the listing of impairments but were considered severe. Although plaintiff's claims were not considered totally credible upon her absence at the administrative hearing, the ALJ indicated he had been unable to explain how her symptoms limited her ability to work and her daily activities. Still, the medical impairments were reasonably considered to cause the alleged symptoms. (Tr. p. 20). The ALJ concluded plaintiff's physical limitations by degenerative disc disease at cervical and lumbar levels showed no limitation of range of motion, weakness, atrophy or spasms. (Tr. p. 20). Still, plaintiff was found unable to perform her past relevant work as secretary, cook and saleswoman, which were sedentary to medium in level of exertion and semi-skilled, with no transferability. Considering there were jobs available within plaintiff's residual functional capacity for sedentary work, the ALJ concluded, through the vocational expert's testimony, that despite plaintiff having residual functional capacity for less than the full range of sedentary work he had established the existence of jobs such as classifier, inspector, that existed and plaintiff Ríos could perform. As such, the ALJ found plaintiff Ríos not under disability.

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

The ALJ applied in his administrative process the evaluation process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through the insured period, up to March 9, 2009; (2) has not engaged in substantial gainful activity

since the alleged onset date of disability; (3) allegations of severe impairments, mental and exertional had more than a minimal affect on his ability to perform basic work-related activities, constituting then severe impairments; (4) claimant did not have an impairment or combination that meets or equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Tr. p. 17*); (5) upon consideration of the entire record claimant had the residual functional capacity to perform the full range of sedentary work (*Tr. pp. 18-20*).

The ALJ discussed the medical evidence, which he considered most of it to be illegible, wherein the treating and consultative sources had indicated plaintiff Ríos suffered from a mental impairment. Notwithstanding, she has been a good informant as to her conditions and had not been reported as being out of touch with reality or incoherent or irrelevant. Although the medical impairments were reasonably expected to cause the alleged symptoms, the ALJ found these symptoms not credible to the extent these were inconsistent with the residual functional capacity assessment. The conclusion from consultative evaluations that plaintiff Ríos could not handle her own funds was not found supported by the record. (Tr. p. 21). Using the medical-vocational rules as framework, and considering plaintiff's age, education, work experience and residual functional capacity, regardless of acknowledging it was not to be used by the decision-making in the presence of non-exertional limitations, yet together with the vocational expert's testimony, the ALJ concluded plaintiff was not under disability. (*Tr. pp. 21-22*).[2]

---

[2] We shall discuss further the vocational expert's testimony as insufficient to balance the use of the GRID as a framework.

On May 3, 2010, the Appeals Council denied plaintiff Ríos' request for review providing notice of the right to file this action in the federal court. (Tr. pp. 1-2).

## LEGAL ANALYSIS

### A. Legal Standard.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such

work exists in the immediate area in which he lives, or whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. §§ 404.1520(b). If he is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he has performed

in the past. If the claimant is able to perform his previous work, he is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case, plaintiff Ríos was found unable to perform her previous work as a secretary, salesperson or cook.

However, the ALJ concluded, at step five of the evaluation process, plaintiff Ríos was not considered disabled since, although unable to perform her past relevant jobs, she could still perform other type of work within the sedentary level of exertion. The ALJ indicated, the vocational expert had testified as to the existence of jobs within such level of exertion such as classifier and inspector which were both sedentary and existing in numbers between 1,000 and 2,000 in the regional economy. (Tr. p. 22).

Counsel for plaintiff claimed, in opposition to the Commissioner's decision, that the evidence on record established the denial of disability benefits was not supported by substantial evidence. Counsel for plaintiff also indicated in the memorandum the vocational expert was not posed a valid hypothetical question which encompassed plaintiff's limitations. Furthermore, the two jobs mentioned which were available, were not related

to plaintiff because were based on the assumption there was no other mental limitation, such as limited attention and concentration as reported by at least three examining psychiatric medical consultants in their reports, as well as by the treating psychiatrist, which the ALJ determined to ignore.

Since the ALJ determined plaintiff Ríos could not return to her former jobs, it was for the Commissioner to demonstrate the existence of jobs in significant numbers that she could perform within her residual functional capacity. The use of the GRID is not proper upon the existence of impairments other than strength limitations and certainly not when non-exertional limitations are present. In addition, the vocational expert's testimony, in the absence of any hypothetical question as to limited attention and concentration as supported by the psychiatric medical consultants and treating psychiatrist would be incomplete. Furthermore, the vocational expert did not limit the testimony to the hypothetical question regarding to sedentary work for the jobs referred were not in fact sedentary but with demands of physical requirement in excess of sedentary. Even more, counsel for plaintiff has clarified, and defendant has not objected, that the job referred as classifier with DOT number 22.687.014, is in fact a "garment sorter" under said number, which is light, exceeding sedentary demands. Even the fabric inspector job with DOT number 789.587.014, is in excess of sedentary demands. Hence, defendant's memorandum does not refute above arguments by plaintiff's counsel. Rather, defendant submits the error was harmless.

It is this Magistrate Judge's opinion defendant has failed to properly address this issue.

**B. Conclusions of Law**.

The Court of Appeals for the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The available medical record indeed shows plaintiff Ríos has a mental condition which is considered severe, as indicated by numerous psychiatric medical reports of both treating and consultative sources. The patient has been receiving continuous monthly treatment since 2004 up to the date of being last insured. It has also been established plaintiff Ríos is unable to perform her past relevant work for which it was the burden of the Commissioner to establish the existence of jobs in significant numbers in the national economy within plaintiff's residual functional limitations, both physical and mental. Only when non-exertional limitations are mild to moderate would reliance on the GRID at set five be considered harmless.[3]

---

[3] The GRIDS provide an analysis of the various vocational factors such as age, education and work experience in combination with the individual's residual functional capacity for work in evaluating a claimant's ability to engage in substantial gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.2.

Limitations of functions are classified as exertional or nonexertional. *See* 20 C.F.R. 404.1569a. Impairments, including pain or mental conditions, can cause exertional and/or nonexertional limitations of functions. *Id*. Exertional limitations are those that affect a claimant's "ability to meet strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling). *Id*. Non-exertional limitations are those that affect a claimant's "ability to meet the demands of jobs other than the strength demands." *Id*. Examples of non-strength demands of jobs are the ability to concentrate, or to perform "the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." *Id*. Thus, there can be an impact of non-exertional limitations on the occupational base.

In the instant case, there was no appropriate hypothetical question to the vocational expert submitting the non-exertional limitations imposed by plaintiff's mental condition. Furthermore, the adequacy of the testimony as to available jobs is refuted by the memorandum of plaintiff's counsel and acquiesced by defendant's memorandum as to exceeding the residual functional limitation for sedentary type of work.

Where a claimant has non-exertional impairments that significantly affect capacity for the full range of work he/she is determined capable of performing within his/her residual functional capacity. In the instant case, it was determined plaintiff Ríos could perform sedentary type of work. For this reason, the Commissioner should carry the burden of showing availability of jobs in the national economy by means other than the

GRID, that is, obtaining the testimony of a vocational expert.[4] Through the vocational expert, the ALJ may determine and obtain what kind of jobs remain, within sedentary level of exertion, for individuals (like plaintiff Ríos) with a mental condition who may be restricted by major depression by marked deterioration in attention and concentration levels, immediate and recent memory affected, evident fatigue, lacked the ability to respond appropriately to supervision and to work pressures in a work setting.

The testimony from a vocational expert is substantial evidence only when the testimony is based on correctly phrased hypothetical questions that captures the concrete consequences of a claimant's deficiencies. Taylor v. Chater, 119 F.3d 1274, 1278 (8th Cir. 1997) (quoted in Roberts v. Apfel, 222 F.3d 466, 471 (8th Cir. 2000); *see* Ramírez v. Barnhart, 372 F.3d 546 (3d Cir. 2004). The vocational expert's testimony herein, under the premises given by the ALJ, failed to meet the burden of the Commissioner as to jobs available within the residual functional capacity for sedentary level of exertion, making the ALJ's determination to rely in the GRID not a harmless error.

Furthermore, in addition to above discussed, the testimony of a medical expert may be needed because the ALJ is not qualified to interpret raw medical data in functional terms, more so when indicating that most of the record is illegible. Rodríguez v. Secretary of Health & Human Servs., 893 F.2d 401, 403 (1st Cir. 1989).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more

---

[4] The GRID may not be fully applicable where the nature of a claimant's impairment is non-exertional, such as when a claimant has a certain mental, sensory, or skin impairment. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 2000.00(e).

than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[5] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez, 647 F.2d at 222. Considering the above discussed, substantial evidence does not support the decision of the Commissioner in this case.

Remand for further proceedings is the appropriate remedy following the judicial ALJ's determination that plaintiff Ríos was not disabled and upon review finding said decision not supported by substantial evidence. This will allow additional evidence to be taken, preserving plaintiff's rights to seek attorney's fees if she ultimately prevails as a party. Freeman v. Barnhart, 274 F.3d 206 (1st Cir. 2001). Remand will also allow the Commissioner to fulfill his role of resolving conflicting evidence, consider additional evidence pertinent through medical expert's testimony and vocational expert's testimony under the proper hypothesis and as to jobs existing of sedentary nature. Freeman v. Barnhart, 274 F.3d at 609.

As above discussed, the decision of the Commissioner is REMANDED for further consideration consistent with this opinion.

---

[5] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

Gloria Ríos Pérez v. Commissioner of S.S.
Opinion and Order
Civil No. 10-1568 (CVR)
Page No. 14

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having perused the record and considered whether there was substantial evidence in support of the decision rendered by the Commissioner concludes that it is not supported by substantial evidence and the matter is REMANDED for further proceedings consistent with the above.

IT SO ORDERED.

In San Juan, Puerto Rico, on this 10th day of June of 2011.

```
                              S/CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ RIVE
                              UNITED STATES MAGISTRATE JUDGE
```